UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: *6:05-CV-687-ORL-18DAB*

CERMICHE MARCA CORONA,
S.p.A., a foreign corporation

Plaintiff

vs.

ONNA CERAMICHE, a foreign
corporation, THUNDERBIRD
BUILDING MATERIAL, LTD.,
a foreign limited partnership,
WELKA CERAMIC TILES, LTD.,
a foreign limited partnership,
NUOVO MONDO INTERNATIONAL,
LTD., a foreign limited partnership, K.S.
"SHIRLEY" HUI, individually, and C.K.
"SIMON" MAN, individually.

Defendants.
_____/

## ORDER GRANTING EMERGENCY MOTION
## FOR TEMPORARY RESTRAINING ORDER

THIS MATTER CAME before the Court on May 5, 2005, without notice and

hearing for *ex parte* consideration of Plaintiff's Emergency Motion for Temporary

Restraining Order (D.E. __) pursuant to *Fed.R.Civ.P.* 65 and Local Rule 4.05. The Court

has reviewed the Motion, the Plaintiff's Complaint (D.E.__), and the Affidavit of Ivano

Chiletti (D.E. __).

Plaintiff, CERAMICHE MARCA CORONA, a foreign corporation ("MARCA

CORONA") is an Italian corporation engaged in the designing, manufacturing, and

selling high-end ceramic tile. MARCA CORONA is currently a trade show at the Orange County Convention Center in Orange County, Florida, which is taking place from May 2, 2005 through May 6, 2005. While at the trade show MARCA CORONA became aware that the Defendants are operating an exhibition booth under the trade name "Onna Ceramiche" and are distributing brochures to the general public. The brochures being distributed by Defendants contain photographs which MARCA CORONA contends have been scanned or otherwise duplicated from MARCA CORONA's own catalog, and MARCA CORONA contends that the public is being confused and deceived by this practice.

MARCA CORONA's Complaint (D.E.__) alleges the following claims: (1) unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); (2) state common law unfair competition; and (2) violation of the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201, *et. seq., Florida Statutes*. MARCA CORONA has filed the Affidavit of Ivano Chiletti (D.E.__) in support of its Motion. MARCA CORONA alleges that it will suffer irreparable injury unless a Temporary Restraining Order is immediately issued, because thousands of people are visiting the trade show daily and the trade show will continue until 3:30 p.m. on May 6, 2005.

For the reasons set forth hereinafter, the Court grants Plaintiff's Emergency Motion for Temporary Restraining Order to the extent set forth below.

I.   **STANDARD FOR ISSUANCE OF A TEMPORARY RESTRAINING ORDER**

In the Eleventh Circuit the issuance of "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of [four] prerequisites."

Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001),

reh'g & reh'g en banc denied, 275 F.3d 58 (11th Cir. 2001); see also Four Seasons

Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003);

McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).  The four

prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding

on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury

that outweighs the opponent's potential injury if relief is not granted; and (4) an

injunction would not harm or do a disservice to the public interest.  Four Seasons

Hotels & Resorts, 320 F.3d at 1210; Suntrust Bank, 252 F.3d at 1166; American Red

Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998); Gold Coast

Pub'ns, Inc. v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994), cert. denied, 516

U.S. 931 (1995).

## II.    LIKELIHOOD OF SUCCESS ON THE MERITS

MARCA CORONA's Complaint attaches copies of both its catalog and

Defendants' catalog, as well as separate exhibits comparing specific photographs which

MARCA CORONA contends the Defendants simply scanned or otherwise reproduced

from MARCA CORONA's catalog. These photographs are verified by the Affidavit of

Ivano Chiletti. MARCA CORONA alleges that the Defendants' catalog is being

distributed and will be distributed to members of the general public until the close of the

trade show on May 6, 2005. MARCA CORONA further alleges that the public is thus

being deceived into believing that they are ordering the products shown in the photograph

(i.e., MARCA CORONA's products) when in fact they are ordering inferior "knock off"

products.

3

The Court can plainly observe that the photographs of which MARCA CORONA complains in Defendants catalog are identical to those contained in MARCA CORONA's catalog. This, coupled with the Affidavit of Ivano Chiletti, establishes the first prerequisite.

## III.   SUBSTANTIAL THREAT OF IRREPARABLE INJURY

Because there is no adequate remedy at law for the injury caused by a defendant's continuing unfair competition, injunctive relief is the preferable remedy. As such, it is the remedy provided for in the federal trademark and copyright statutes. *See Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1998).

Irreparable injury is presumed in an unfair competition action in which the Plaintiff can establish a likelihood of success on the merits. *See Georgia Television Co. v. TV News Clips of Atlanta*, 718 F. Supp. 939, 949 (N.D. Ga. 1989). The Eleventh Circuit has recognized that irreparable injury is presumed "especially when the alleged infringement is of a commercial nature as in this case." *Id.* (citing *Pacific and Southern Co., Inc. d/b/a/ WXIA-TV v. Duncan d/b/a/ TV News Clips*, 744 F.2d 1490, 1497 (11th Cir. 1984), *cert. denied* 471 U.S. 1004 (1985)).

Accordingly, the Court finds that the second prerequisite has been met.

## IV.   INJURY THAT OUTWEIGHS THAT OF THE DEFENDANTS

Likelihood of confusion threatens harm to good will and reputation. *See e.g., Bellsouth Advertising & Publ'g Corp. v. The Real Color Pages, Inc.*, 792 F. Supp. 775, 785 (M.D. Fla. 1991). A willful infringer cannot be immunized from injunctive remedy because he stands to lose financially. *See Bulova Corp. v. Bulova Do Brasil Com*, 144 F. Supp. 2d 1329, 1331 (S.D. Fla. 2001).

Here, the Defendants have already reaped the reward of deceiving the general public for four of the five days of the trade show. Plaintiffs are asking only for seizure of the offending brochures and to enjoin Defendants from further distribution of the brochures; Plaintiffs are not asking for seizure of any product.

The Court finds that the third prerequisite has been met.

## V.     WEIGHING OF PUBLIC INTEREST

In an unfair competition case, the consuming public is always a third party whose interests are paramount, because the consuming public has a right to be free of confusion. *See Bellsouth Advertising*, 792 F. Supp. at 785. There is always a public benefit in insuring that the public is not deceived into thinking that one company's goods are associated with another company's goods when that is not the case. *See Bulova Corp*, 144 F. Supp. 2d at 1331.

Thus, the Court finds that the fourth prerequisite has been met.

## VI.    LACK OF NOTICE

The Court further finds that entry of this Order without prior notice to Defendants is appropriate. Plaintiff's Motion for Temporary Restraining Order comes before the Court on May 5, 2005, at _____ p.m.. The trade show commenced on May 2, 2005, and ends slightly more than 24 hours from the entry of this Order. Requiring notice would effectively deprive Plaintiff of the remedy of seizure.

The Court further notes that many of the Defendants would appear to foreign entities and individuals who could easily avoid this Court's jurisdiction by simply leaving the Middle District of Florida before any hearing on a preliminary injunction could be held in this cause.

## VII.   <u>BOND</u>

The Court determines that a *de minimis* bond is appropriate under the facts of this case. While the Court is issuing a Temporary Restraining Order which authorizes seizure of Defendants' catalog until such time as a hearing can be held on Plaintiff's request for a Preliminary Injunction pursuant to *Fed.R.Civ.P.* 65, the Court notes that (1) Defendants have already enjoyed the benefit of distributing the allegedly infringing catalog for four (4) of the five (5) days of the trade show; and (2) Defendants' product is not being seized and Defendant will be able to continue to display product at its exhibition booth and solicit orders through the close of the trade show at 3:30 p.m. on May 6, 2005.

## VIII.  <u>RELIEF GRANTED</u>

Accordingly, it is now

**ORDERED:**

1.    Each and all of the Defendants, and their officers, agents, servants, employees and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are hereby enjoined from distributing to the public copies of the brochure attached to Plaintiff's Complaint as Exhibit "B", as well as copies of any other brochures containing the photographs depicted in Exhibits "D" and "F" to Plaintiff's Complaint.

2.    The United States Marshall is hereby directed to seize any and all copies of the brochure attached to Plaintiff's Complaint as Exhibit "B", as well as copies of any other brochures containing the photographs depicted in Exhibits "D" and "F" and "H" to Plaintiff's Complaint, which are currently located in the Middle District of Florida.

3.    In accordance with *Fed.R.Civ.P.* 65 and Local Rule 4.05, the Court sets a hearing time of ____9____ a.m./p.m. on May _11_, 2005, for consideration of Plaintiff's Motion for Preliminary Injunction.

4.    Plaintiff is ordered to post a bond *instanter* in the amount of $ _20 K_ .

DONE AND ORDERED at Orlando, Florida, this _6_ day of May, 2005. *8:30 P.M*

_____
UNITED STATES DISTRICT JUDGE

G. KENDALL SHARP
U. S. DISTRICT JUDGE