**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CERMICHE MARCA CORONA, S.p.A.,**
**VIVA SRL,**
              **Plaintiffs,**

**-vs-**                                                        **Case No. 6:05-cv-687-Orl-18DAB**

**ONNA CERAMICHE,**
**THUNDERBIRD BUILDING MATERIAL,**
**LTD., WELKA CERAMIC TILES, LTD.,**
**NUOVO MONDO INTERNATIONAL,**
**LTD., K.S. HUI, a/k/a Shirley Hui,**
**C.K. MAN, a/k/a Simon Man,**
              **Defendants.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT (Doc. No. 21)**
>
> **FILED:** September 7, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Plaintiffs served process on two Defendants, Welka Ceramic Tiles, Ltd. and C.K. Man, in Hong Kong, via Federal Express and through the Secretary of State, purportedly "in compliance with Federal Rules of Civil Procedure 4(h)(1) and 4(e)(1)". However, those cited Rules prescribe service on individuals *within* a judicial district of the United States. Rule 4(f) is the appropriate rule for service upon individuals or corporations in a foreign country. *See* Rule 4(h)(2).

> Rule 4(f)(2) reads in pertinent part:
>
> Service . . . may be effected in a place not within any judicial district of the United States:
> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention . . .
> (2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:
> > (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or
> > (B) as directed by the foreign authority in response to a letter rogatory or letter of request; or
> > (C) unless prohibited by the law of the foreign country, by (i) delivery to the individual personally of a copy of the summons and the complaint.

FED. R. CIV. P. 4(f).

"China, Hong Kong Special Administrative Region" is listed as a signatory to the Hague Convention, which allows service of judicial and extrajudicial documents in a civil matter via the Administrative Secretary of the Government of Hong Kong if the party being served is a national of the State. *See* Fed. R. Civ. P. 4, *advisory committee notes*. Plaintiffs fail to cite Rule 4(f)(2) and fail to state how their service complied with Rule 4(f)(2)'s requirements or requirements of international law (including the Hague Convention).

Plaintiffs' Motion for Entry of Default (Doc. No. 21) is **DENIED** without prejudice to its reassertion with a supporting memorandum discussing how service on the Hong Kong parties complies with the Federal Rules of Civil Procedure and international requirements for service of process.

    **DONE** and **ORDERED** in Orlando, Florida on September 19, 2005.

<i>David A. Baker</i>

                                          DAVID A. BAKER
                                UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record