**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CERMICHE MARCA CORONA, S.p.A.,**
**VIVA SRL,**
              **Plaintiffs,**

**-vs-**                                                        **Case No.  6:05-cv-687-Orl-18DAB**

**ONNA CERAMICHE, THUNDERBIRD**
**BUILDING MATERIAL, LTD., WELKA**
**CERAMIC TILES, LTD., NUOVO MONDO**
**INTERNATIONAL, LTD., K.S. HUI, a/k/a Shirley**
**Hui, C.K. MAN, a/k/a Simon Man,**
              **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **PLAINTIFFS' AMENDED MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS ONNA CERAMICHE AND WELKA CERAMIC TILES, LTD. (Doc. No. 47)**
>
> **FILED:** November 27, 2006
>
> **THEREON** it is **ORDERED** that the motion be **GRANTED** as set forth herein.

Plaintiffs sued Defendants Onna Ceramiche ("Onna"), an Italian corporation, and Welka Ceramic Tiles, Ltd. ("Welka"), a Hong Kong corporation, alleging unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a) and claims under state law for unfair

competition and deceptive practices. Doc. No. 1. Plaintiffs now seek a permanent default judgment and injunction against these Defendants.

**Background Facts and Procedural History**

Plaintiffs Ceramiche Marca Corona and Viva SRL, Italian corporations, are engaged in designing, manufacturing, and selling high-end ceramic tile. Plaintiffs attended a trade show in Orlando, Florida in May 2005. Plaintiffs learned at the trade show that Defendants were operating an exhibition booth under the trade name "Onna Ceramiche" and were distributing brochures to the general public; the brochures being distributed by Defendants contained photographs which Plaintiffs contend have been scanned or otherwise duplicated from Plaintiffs' own catalog. Doc. No. 12, 13. On May 6, 2005, Judge Sharp entered a Temporary Restraining Order during the May 2006 trade show at the Orange County Convention Center in Orlando, precluding Defendants from distributing their deceptive brochures to the public containing photographs of Plaintiffs' products when in fact the public would be ordering Defendants' inferior "knock off" products. Doc. No. 6.

Specifically, Judge Sharp determined that Defendants' catalog pictures were likely to be confused with Plaintiffs' photographs in their catalog, which were verified by affidavit. Plaintiffs alleged that Defendants' catalog was being distributed to the general public at the May 2005 trade show and the public was being deceived into believing that they were order the products shown in the photographs (actually manufactured by Plaintiffs) when in fact they were ordering inferior "knock off" products. In addition, Judge Sharp also found there to be a substantial threat of irreparable injury, that the injury to Plaintiffs outweighed that to Defendants, and that the public ought to be prevented from being confused (which had already occurred for four of the five-day trade show). Doc. No. 12, 13. On May 11, 2005, following service on the two individual Defendants, Judge Sharp entered an

Order granting Plaintiffs' Motion for Preliminary Injunction and modifying the bond to $1,000 per Defendant.  Doc. No. 12.

On September 7, 2005, Plaintiffs moved for entry of default against Defendants (Doc. No. 21), which the Court denied without prejudice on September 19, 2005 for failure to specify how service of process complied with the Federal Rules of Civil Procedure and international requirements, *i.e.*, the Hague Convention.  Doc. No. 22.  On November 18, 2005, Plaintiffs sought more time to effectuate service under the Hague Convention (Doc. No. 30), which the Court denied for failure to specify the additional time sought; additionally, there is an exception to 120 day limit under the Federal Rules for international service.  Doc. Nos. 31, 32.  Plaintiffs learned through the vendor specializing in foreign service of process under the Hague Convention that it could take as long as six months and proposed providing the court with periodic status reports (Doc. No. 32), which they did.  Plaintiffs filed proof of service and motion for entry of clerk's default against Defendants Onna and Welka (Doc. No. 41, 42), which the clerk entered on August 29, 2006.  Doc. No. 43.

Plaintiffs filed their Motion for Default Judgment against Defendants on September 6, 2006, which was denied on October 11, 2006 without prejudice to renewal upon a detailed showing of compliance with specific provisions of the Hague Convention and applicable local law.  Doc. No. 45.  On November 16, 2006, Judge Sharp ordered the parties to show cause why they had not filed their joint pretrial statement, which Plaintiffs explained they had not done because all remaining Defendants had defaults taken against them.  Doc. Nos. 46, 47.  On November 29, 2006, Plaintiffs filed their Amended Motion for Default Judgment.  Doc. No. 47.

**Service of Process on International Corporations**

Rule 4(h)(2) of the Federal Rules of Civil Procedure provides that service upon a corporation outside the United States may be made "in any manner prescribed for individuals by subdivision (f)." Fed.R.Civ.P.4(h)(2). Rule 4(f), in turn, delineates the permissible methods of service upon individuals in foreign countries as either (1) by any internationally agreed means reasonably calculated to give notice, such as the Hague Convention; or (2) if there is no international agreement, by service that is reasonably calculated to give notice; or (3) by other means not prohibited by international agreement as may be directed by the court. FED. R. CIV. R. 4(f)(1)-(3).

In their Amended Motion for Default Judgment, Plaintiffs provide Proofs of Service effectuated in February 2006 as prescribed by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, showing service on Defendants in accordance with Articles 5(1)(a), 6 and 7 of the Hague Convention and the applicable local rules. *See* Doc. Nos. 36, 40. The Hague Convention, as it applies to both China/Hong Kong and Italy, requires a plaintiff to serve the defendant by contacting the country's Central Authority, which receives international requests for serving process. *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters[1]. The plaintiff must send the Central Authorities two copies each of a request, the document to be served, and a certificate to be filled out by the Central Authorities upon service. *Id.* The Central Authorities then effectuate service upon the defendants. *Id.* China specifically disallows service by mail, and both China and Italy allow default judgments against their citizens only if the documents were transmitted by an approved method, at least six months have elapsed since transmission of the documents, and the plaintiff has

---

[1] Pertinent portions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters are available on the Department of State's website at http://travel.state.gov/law/info/judicial/judicial_686.html.

not received any certificate from the Central Authorities. *Id.* Plaintiffs have filed Affirmations of Service from the Central Authority of Hong Kong and Italy showing service on Defendants. Doc. Nos. 47-2, 47-3.

It is respectfully **RECOMMENDED** that Plaintiffs' Motion for Default Judgment and Permanent Injunction be **GRANTED** as set forth in the form supplied by Plaintiffs at Doc. No. 47-4, which would continue the relief originally set forth in Judge Sharp's Preliminary Injunction (Doc. No. 12) and dissolving and discharging the $2,000 bond posted by Plaintiffs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on December 21, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record